**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000018**
**30-APR-2019**
**09:06 AM**

NOS. CAAP-18-0000018 AND CAAP-18-0000066

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
VICENTE KOTEKAPIKA HILARIO, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(5PC-11-1-000023)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Chan, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals in CAAP-18-0000018 from the Circuit Court of the Fifth Circuit's (Circuit Court) (1) December 14, 2017 "Order Granting in Part and Denying in Part State's Motion to Determine Voluntariness of Defendant Vicente Kotekapika Hilario's [(Hilario)] Statements in Prior Testimony;" (2) December 28, 2017 "Order Denying State's Motion to Determine Voluntariness of [Hilario's] Statements in Prior Testimony;" and (3) January 11, 2018 "Order Denying State's Motion for Court to Reconsider Its Ruling as to State's Motion to Determine Voluntariness of [Hilario's] Statements in Prior Testimony;" and in CAAP-18-0000066, the State appeals from the January 31, 2018 "Findings of Fact and Conclusions of Law Concerning the December 14, 2017 Order Granting in Part and Denying in Part State's Motion to Determine the Voluntariness of [Hilario's] Statements in Prior Testimony & the December 28, 2017 Order Denying State's Motion to Determine Voluntariness of [Hilario's] Statements in Prior Testimony" (collectively, Prior

Testimony Orders).[1] On April 2, 2018, this court ordered CAAP-18-0000018 and CAAP-18-0000066 be consolidated under CAAP-18-0000018.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we vacate the Prior Testimony Orders and remand for further proceedings.

I.

In 2013, Hilario was tried and convicted of Murder in the First Degree in violation of Hawaii Revised Statutes (HRS) § 707-701(1)(c) (2014); Bribery of a Witness in violation of HRS § 710-1070(1)(a/b/c) (2014); Retaliation Against a Witness in violation of HRS § 710-1072.2 (2014); and Intimidating a Witness in violation of HRS § 710-1071(1)(a/b/c) (2014). See State v. Hilario, 137 Hawai'i 298, 369 P.2d 881, No. CAAP-13-0003039, 2016 WL 1092608, at *1 (App. Mar. 28, 2016) (mem.). During this first trial, the Circuit Court administered Tachibana[2] warnings four times, and, against the advice of Hilario's counsel, Hilario testified.

On appeal, this court held that Hawai'i Rules of Penal Procedure (HRPP) Rule 48 had been violated. Hilario, 137 Hawai'i 298, 369 P.3d 881, No. CAAP-13-0003039, 2016 WL 1092608 (App. Mar. 28, 2016) (mem.). The Hawai'i Supreme Court disagreed and remanded for review of Hilario's other points on appeal. State v. Hilario, No. SCWC-13-0003039, 2016 WL 4272904 (Aug. 12, 2016) (mem.). We remanded for a new trial for trial error unrelated to the voluntariness of his testimony. State v. Hilario, 139 Hawai'i 546, 394 P.3d 776 (App. 2017).

On remand to the Circuit Court, the State filed a Motion to Determine Voluntariness of Statements in Prior Testimony, seeking to use as evidence Hilario's testimony from his first trial in its case-in-chief. The Circuit Court held

---

[1]     The Honorable Randal G.B. Valenciano presided.

[2]     Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995).

that Hilario's testimony from the first trial was voluntary, but that the State could only use it for impeachment purposes during cross-examination of Hilario. The State timely appeals from the Prior Testimony Orders.

## II.

In the current appeal, the State contends that the Circuit Court erred by preventing it from presenting in the State's case-in-chief in the retrial testimony given by Hilario in his first trial because this prior testimony was given by Hilario after having been properly informed of his constitutional rights and duly found by the Circuit Court to have been voluntarily given.[3]

In ruling on the State's motion to determine voluntariness, the Circuit Court concluded, as the sole basis of its decision, that use of the prior testimony by the State in its case-in-chief would violate Hilario's right against self-incrimination under the Hawai'i Constitution because Hilario was not advised, prior to giving the prior testimony, that it could be used by the State in subsequent trials. We disagree.

In Domingo v. State, 76 Hawai'i 237, 243-44, 873 P.2d 775, 781-82 (1994), Domingo challenged, in his post-conviction relief petition, that his right against self-incrimination was violated when his testimony given in his first trial, was introduced in his second trial. The supreme court held,

> The right against self-incrimination prohibits the use at trial of statements made by a defendant that were obtained in violation of the constitutional guarantee that "[n]o person shall . . . be compelled in any criminal case to be a witness against oneself." Haw. Const. art. I, § 10

---

[3] Hilario contends that we lack jurisdiction under HRS § 641-13 to review the Circuit Court's orders because the orders are evidentiary in nature rather than disposition of a true motion to suppress. HRS § 641-13(7) (2016) allows the State to appeal, *inter alia*, "[f]rom a pretrial order granting a motion for the suppression of evidence." However, "a circuit court's decision on a motion to determine voluntariness is the functional equivalent of a determination on a motion to suppress statements." State v. Jackson, 130 Hawai'i 346, 310 P.3d 1047, No. 29842, 2010 WL 1679575, at *2 (App. Apr. 21, 2010) (mem.) (citing State v. Naititi, 104 Hawai'i 224, 234, 87 P.3d 893, 903 (2004)). Here, the Circuit Court has in effect suppressed the use of Hilario's testimony from the first trial if Hilario decides not to testify in the retrial.

> (1978); U.S. Const. amend. V; State v. Kelekolio, 74 Haw. 479, 501-02, 849 P.2d 58, 69 (1993). This prohibition extends to statements made by a defendant in a criminal trial if the "trial testimony was in fact impelled by the prosecution's wrongful use of . . . illegally obtained confessions." Harrison v. United States, 392 U.S. 219, 224, 88 S.Ct. 2008, 2011, 20 L.Ed.2d 1047 (1968). *Where the reversal of the original criminal trial was not based on the use of illegally obtained confessions in the prosecution's case-in-chief, however, the right against self-incrimination does not prevent the prosecution from introducing the defendant's testimony into evidence on retrial.* See Turner v. State, 98 Nev. 103, 641 P.2d 1062 (1982); Arizona ex rel LaSota v. Corcoran, 119 Ariz. 573, 583 P.2d 229 (1978).

Id. (emphasis added).[4]

Subsequent to this decision, as well as the decision in Tachibana, this court held that the introduction of prior testimony by the defendant during retrial did not violate his right against self-incrimination. State v. Brooks, 121 Hawai'i 259, 218 P.3d 386, No. 29175, 2009 WL 3350204 at *3 (App. Oct. 19, 2009) (mem.). We specifically noted that the defendant provided, and the court could find, no authority supporting his argument that the trial court was required to advise him that his testimony in the first trial could be used against him in a subsequent trial. Id.

Here, Hilario did not challenge the voluntariness of his prior testimony, nor did he argue that it was compelled by the use of confessions illegally obtained by the prosecution.

---

[4]     In Harrison, the United States Supreme Court expressed that:

> In this case we need not and do not question the general evidentiary rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings. A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of the lawful evidence adduced against him.

392 U.S. at 222 (footnote omitted). In Harrison, however, the U.S. Supreme Court held that the defendant testified in his first trial after the prosecution had improperly introduced into evidence three confessions that had been wrongly obtained. Because the prosecution failed to show that its illegal action did not induce the defendant's testimony in the first trial, the court held defendant's testimony from the first trial should not have been allowed in the subsequent trial.

Therefore, his right to remain silent would not be violated by use of the prior testimony in his retrial.

## III.

Therefore, the Circuit Court of the Fifth Circuit's (1) December 14, 2017 "Order Granting in Part and Denying in Part State's Motion to Determine Voluntariness of [Hilario's] Statements in Prior Testimony;" (2) December 28, 2017 "Order Denying State's Motion to Determine Voluntariness of [Hilario's] Statements in Prior Testimony;" (3) January 11, 2018 "Order Denying State's Motion for Court to Reconsider Its Ruling as to State's Motion to Determine Voluntariness of [Hilario's] Statements in Prior Testimony;" and (4) the January 31, 2018 "Findings of Fact and Conclusions of Law Concerning the December 14, 2017 Order Granting in Part and Denying in Part State's Motion to Determine the Voluntariness of [Hilario's] Statements in Prior Testimony & the December 28, 2017 Order Denying State's Motion to Determine Voluntariness of [Hilario's] Statements in Prior Testimony" are vacated and this case is remanded for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawai'i, April 30, 2019.

On the briefs:

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai
for Plaintiff-Appellee.

Keith S. Shigetomi,
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge